[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the second count of his complaint dated April 4, 1994, plaintiff Mbiya Israel seeks to recover for damages which he claims to have sustained as a result of the negligence of defendant Keith Barnwell. On April 6, 1993 and prior thereto plaintiff and his family were tenants in a two-family duplex known as 5-7 Elliott Place in Hartford. The duplex was owned by said defendant, plaintiff's brother. Plaintiff claims that on April 6, 1993 a fire broke out in his dwelling unit and that he sustained injuries and other losses as a result of the fire. He claims that defendant was negligent in that he failed to replace an approved smoke detector which was not working. He further claims that defendant did not comply with the requirements of Section 47a-7(a)(1) of the Connecticut General Statutes or Section 11-1.8.1 of the Connecticut Fire Safety Code.
General Statutes § 47a-7 (a)(1) provides in pertinent part:
 "(a) A landlord shall: (1) comply with . . . all applicable building and housing codes materially affecting health and safety of both state or any political subdivision thereof;"
Section 11-1.8.1 of The Connecticut Fire Safety Code provides in pertinent part as follows: CT Page 4010-MMM
 "Each . . . dwelling unit shall be provided with a minimum of one approved smoke detector installed in a manner and location approved by the local fire marshal and the responsible building official. When activated, the detector shall provide an alarm suitable to warn the occupants within the . . . dwelling unit."
A trial to the court was held on April 25 and 30, 1996. The court, after hearing the testimony and having studied the exhibits finds the following:
On and before April 6, 1993 plaintiff, his wife, four children and his father were tenants at 7 Elliott Place in the Town of Hartford. Seven Elliott Place was a part of a two-family duplex owned by defendant Keith Barnwell, brother of the plaintiff.
About 10 days before April sixth a fire smoke detector, which was located on the ceiling of the first floor, fell down with a tile from the ceiling. Plaintiff notified the defendant the next day, and defendant said he would repair the ceiling and replace the smoke detector. Defendant failed to repair the ceiling and the smoke detector was not replaced.
On April 6, 1993 a fire broke out on the first floor of plaintiff's apartment, and the entire duplex building was destroyed. When the fire started plaintiff was in an upstairs bedroom sleeping. By the time he was awakened by a family member, the fire had spread, and he was forced to escape by leaping to the street from the second floor. He broke his right arm when he fell.
The court finds that the defendant was negligent for failing to replace the smoke detector on the first floor. Since the smoke detector did not activate, plaintiff was not provided with an alarm suitable to warn him of the fire. The court finds it more probable than not that if plaintiff had received sufficient warning, he would not have had to leap from the second floor and he would not have been injured. His medical bill for his broken arm was $595.86. (Plaintiff's Exhibit 3). In addition plaintiff has undergone considerable pain and suffering including shock to his nervous system. He still has pain, and according to his CT Page 4010-NNN physician, Dr. Richard M. Linburg, "will have a mild permanent partial functional impairment of his right elbow on the basis of the radial head fracture . . ." (Plaintiff's Exhibit 1). Plaintiff is entitled to receive compensation for his physical injury and pain and suffering.
The plaintiff also seeks compensation for his furniture and personal belongings which were destroyed in the fire. Unfortunately, this request must be denied for two reasons. First, he has failed to prove by a fair preponderance of the evidence that if the defendant had replaced the smoke detector, plaintiff would have been able to extinguish the fire in time to save his furniture and personal belongings. This allegation was too speculative and unproven by the plaintiff. Plaintiff has not claimed that defendant was responsible for the fire, and he provided no evidence to indicate that the fire could have been extinguished even if the smoke detector had worked. Second, at trial plaintiff was unable to prove to the court the value of the furniture and personal belongings which he lost.
In summary, the court finds that the plaintiff should be paid for his physical injury and his pain and suffering, but not for the loss of his furniture and personal belongings. The court finds plaintiff's economic damages to be $595.86 and his non-economic damages to be $15,000.
Accordingly, judgment may enter for the plaintiff for $15,595.86. plus costs.
Frances Allen State Trial Referee